IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVE OLDFIELD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0261 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
AS TIME BARRED UNDER 28 U.S.C. § 2244(d)**

Came this day for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner STEVE OLDFIELD on September 19, 2005. By his habeas application, petitioner appears to be challenging his March 7, 2002 conviction for the felony offense of aggravated assault out of the 64th Judicial District Court of Swisher County, Texas.

For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DISMISSED as time barred.

I.
PROCEDURAL HISTORY

On March 7, 2002, in Cause No. 3630-01-06, petitioner OLDFIELD entered a guilty plea to the felony offense of aggravated assault. The trial court accepted petitioner's guilty plea, adjudged petitioner guilty of the offense and assessed petitioner's punishment at a term of ten

(10) years confinement in the Texas Department of Criminal Justice, Institutional Division. According to petitioner he did not directly appeal his conviction or sentence and such conviction thus became final on April 8, 2002, after the expiration of the statutory thirty (30) day period in which to file a motion for new trial or a notice of appeal. See TEX. R. APP. P. 26.2(a)(1) (West 2002).[1]

On March 1, 2003, petitioner filed a state application for a writ of habeas corpus which was denied by the Texas Court of Criminal Appeals on September 3, 2003. On March 18, 2004, petitioner filed a second state habeas application which was dismissed as successive on July 7, 2004.[2] On September 19, 2005, petitioner filed the instant federal habeas application challenging his conviction and sentence. An Order to Show Cause issued by the Court on September 22, 2005 directing petitioner to show cause why this case should not be dismissed as time barred. To date, petitioner has not filed any response.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the United States for the following reasons:

1. Petitioner was improperly convicted of aggravated assault when he was guilty only of assault;

2. Petitioner was improperly convicted without an adjudication of his competency; and

---

[1] The thirty (30) day period would have ended on April 6, 2002 but because such was a Saturday, petitioner would have been given until the following Monday, April 8, 2002 in which to file his notice of appeal. Since petitioner pleaded guilty, it is questionable whether he had a right of appeal, but such issue is not determinative to the outcome if this case.

[2] In his federal habeas application petitioner avers he is unaware of the outcome of this second state writ however, a review of the Texas Court of Criminal Appeals docket shows it to have been dismissed as successive on July 7, 2004.

3. Petitioner was denied effective assistance of counsel.

### III.
### AEDPA LIMITATIONS PERIOD

Before the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 [hereinafter AEDPA], a prisoner faced no strict time constraints in filing a petition for a writ of habeas corpus. The AEDPA, however, amended 28 U.S.C. § 2244 to establish a one-year limitation period for filing a habeas petition in federal court. That section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d) also provides for tolling of the statute of limitations (1) if the claims presented in the petition for writ of habeas corpus, for some reason, could not have been presented earlier because of some impediment to filing created by state action, (2) if the

constitutional right asserted was initially recognized by the Supreme Court is on a date subsequent to the date the conviction became final, or (3) if the date on which the petitioner discovers the factual predicate of the claim or claims presented, or by the exercise of due diligence should have discovered them, is subsequent to the date the conviction became final. In instances such as these, the limitation period would begin on the applicable post-conviction date. The new time limitations imposed by section 2244 apply to the instant habeas application because it was filed after the effective date of the statute, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

As stated *supra*, petitioner was convicted on March 7, 2002 and had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence. *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, failed to do so. Therefore, petitioner's conviction became final upon the expiration of the time period in which to file his Notice of Appeal, or April 8, 2002. As such, the instant federal application was due on or before April 8, 2003, had petitioner not been entitled to any of the statutory tolling provisions. Petitioner filed a state writ application on March 1, 2003 which was decided on September 3, 2003. Therefore, petitioner was entitled to 187 days of tolling making the instant habeas application due on or before October 13, 2003. Petitioner is not entitled to statutory tolling for his second state habeas application as it was filed March 18, 2004, after the deadline for the instant federal writ had passed.

Since petitioner did not file this federal habeas application within the statutory time limits, petitioner's application is time barred by the one-year limitation period and must be dismissed.

III.
RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner STEVE OLDFIELD be DISMISSED as time barred.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of October 2005.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation

contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).